## HARRIS v DePAULINA

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided Sept 28, 1931

I. R. Morris, Cleveland, for Harris.
A. H. Goldman, Cleveland, for DePaulina.

the mistake which the court below and the attorney for DePaulina made with respect to the relation of these parties. The argument was made as though DePaulina was a surety or "an endorser," to use Mr. Goldman's own phrase, and inasmuch as the Griffiths were released that released DePaulina, and if that was so, DePaulina could recover his three hundred dollars that he had paid. That, I believe, is the argument.

It was also claimed in the argument that the payment of three hundred dollars was made in order to get a postponement of the foreclosure of the mortgage, and inasmuch as the foreclosure had already started, the money was wrongfully obtained from De-Paulina.

From the view we take of this case it does not make any difference, if the relation of the parties is once understood, which horn of the dilemma DePaulina takes.

There can be no question but that when DePaulina bought this property upon which the mortgage existed and he assumed in the deed or promised in writing to pay that mortgage, so far as he and Griffith were concerned, he was the principal debtor and Griffith was surety to him. So far as Harris is concerned, there not having been a novation, Griffith was still liable to Harris, and if Griffith paid this entire indebtedness, then by virtue of the assumption of the mortgage by DePaulina and his promise to pay this obligation, Griffith could have recovered the whole sum from DePaulina, because of the relationship that existed between them. As already stated, the relation between Griffith and DePaulina was that of principal and surety, DePaulina being the principal.

Now if the surety pays the principal's debt, he is entitled to recover whatever he was compelled to pay, and so if the Griffiths paid the entire debt, they could have recovered from DePaulina. But whatever the transaction was between the Griffiths and Harris, it did not release DePaulina's obligation to Harris, unless the Griffiths had paid the entire obligation, so that nothing was due to Harris, without taking into consideration the three hundred dollars. In that event the three hundred dollars could have been recovered by DePaulina on the ground that there was a failure of consideration for money had and received, but De-Paulina then would have been responsible to the Griffiths; in that event the Griffiths could have recovered all the money from DePaulina for anything that might be due from him on his contract of assumption of the mortgage obligation.

Now then this suit was brought in the Municipal Court for the three hundred dol-

VICKERY, J.

We think the whole trouble arises from

lars which had been paid, DePaulina owed Harris something like nine hundred dollars, and, of course, on settling that $900.00, he would have been entitled to have an accounting between Harris and himself and make Harris apply that three hundred dollars, and that would have been perfectly right upon his part, and Harris would have been compelled to credit the three hundred dollars upon that claim, so that there would have been only six hundred dollars left.

But DePaulina being the principal obligor, under the authorities that made him the principal upon the assumption of the mortgage and made Griffith only a surety, when the surety paid a sum less than was actually due, he as principal was not released. It is true that if a principal settles for a less amount than the whole debt, the surety will be discharged; but the reverse of that is not true. If the surety pays less than the sum that is due, it does not discharge the principal. So when the Griffiths paid the twelve hundred dollars to Harris and got an assignment of the mortgage to them, that transaction did not in any way affect the liability of DePaulina to Harris, and so Harris had a claim, after the three hundred dollars was taken out, to something over six hundred dollars. So when DePaulina brought a suit against Harris to recover three hundred dollars, he owed Harris not only three hundred dollars, but taking out the three hundred dollars he owed Harris six hundred dollars more, and he had no right under any circumstances to recover from Harris the sum of money that had been paid. His rights were to have the three hundred dollars credited upon the indebtedness of nine hundred dollars which he owed to Harris.

Now inasmuch as DePaulina was not a resident of the state, nevertheless upon a suit being brought by him in the court, he invoked the jurisdiction of the court. Then he was not only not entitled to recover the three hundred dollars, but Harris was entitled to recover in law from him on the counterclaim the six hundred dollars that was still due.

Consequently we do not understand upon what theory the judge of the Municipal Court decided this case. Surely it must have been upon a mistaken notion as to what the relation of the parties was. If one understands the principle correctly that as between DePaulina and the Griffiths, DePaulina was the principal, then DePaulina owed the entire sum to Harris. Harris had a claim against the Griffiths because they signed the note and there had been no substitution or novation. DePaulina was liable because he assumed and promised to pay the debt of another in writing to the creditor. Consequently Harris had a claim against DePaulina for the balance of whatever money he did not get from the Griffiths, and the Griffiths had a claim against DePaulina for whatever they paid to Harris, but inasmuch as DePaulina owed Harris nine hundred dollars, he still owed him, after he was given credit of three hundred dollars, the six hundred dollars that remained due, and he being in court Harris had the right to maintain a counter-claim and could have entered a judgment against DePaulina for that amount.

It follows, therefore, that the trial court was wrong not only in rendering a judgment in favor of DePaulina for the money that he had paid upon a claim that he owed which was past due, but he erred in dismissing the counterclaim, for DePaulina being in court and having brought Harris into court, Harris could get a judgment against him for the amount that was due him. Had it not been for this counterclaim, if the amount had been only for three hundred dollars, this court would not only have reversed the judgment, but would have rendered final judgment in favor of Harris, the defendant in the court below; but inasmuch as DePaulina is in court and Harris had a counterclaim against DePaulina, we think it would be unjust to Harris to render a final judgment in his favor and thus let DePaulina escape.

According to the record in this case DePaulina is undoubtedly liable to Harris for the sum of six hundred dollars or more.

It is argued that this three hundred dollars was paid on consideration that the mortgage would not be foreclosed, that it was not as a part payment of the debt, but simply a new consideration for a postponement of the foreclosure of the mortgage. The record does not show that to be true. In fact Mr. Goldman's letter shows that is not true, and he is complaining because his three hundred dollar payment was not credited upon the mortgage. Even if that is so, that the three hundred dollars was paid upon a new and separate consideration,— and not to apply upon the debt, but leaving that intact as it was,—for an extension of time on the foreclosure of the mortgage, and that was not done, it might be a breach of faith on the part of Harris; but if DePaulina owed him nine hundred dollars and a suit was brought to recover this three hundred, Harris could counterclaim for the money that was due him, notwithstanding there was a failure of consideration and notwithstanding even that the money had been obtained by misrepresentation, which does not exist in this case.

So under no theory of the law, no theory which could be surmised under the conditions of this record as borne out by the evidence in this lawsuit, could DePaulina recover this money from Harris. If, however, the Griffiths had paid the entire debt and this three hundred dollars was given for an extension of time which was not given then, of course, DePaulina could recover this money, but that state of facts is not borne out by the record, and as a matter of fact it is not true.

The whole matter can be summarized as follows: that when DePaulina purchased a mortgaged property and promised and assumed to pay the mortgage, as between Griffith and himself he became the principal debtor and he became liable directly to Harris; and if there was a default, and it is conceded there was a default when this suit was brought, Harris had the right to maintain the foreclosure suit; and inasmuch, as already stated, DePaulina was the principal, the surety's paying any sum less than the full amount, would not discharge the principal. So under no theory of the lawsuit was DePaulina entitled to recover any part of this three hundred dollar payment which he sued for. On the contrary, under the record, the plaintiff in error, the defendant below, was clearly entitled to sustain his counterclaim, and he should have had a judgment against DePaulina for six hundred dollars or more.

For that reason the judgment will be reversed and the case will be remanded to the trial court for a new trial, simply so that Harris can maintain his suit against DePaulina in the courts of Ohio for the counterclaim.

LEVINE, PJ, and WEYGANDT, J, concur.