**STATE ex SHAFER v MERRELL et**

Ohio Appeals, 2nd Dist, Franklin Co

No 2233. Decided Oct 11, 1932

James N. Linton, Columbus, and W. H. Jones, Columbus, for plaintiff in error.

Gilbert Bettman, Attorney General, Columbus, for O. W. Merrell, Director of Highways, and Joseph T. Tracy, Auditor of State.

Smith W. Bennett, Columbus, for The Wesco Company.

**KUNKLE, J.**

Did the trial court abuse its discretion in refusing to grant an injunction as prayed for?

A very brief statement of the facts disclosed by the record is that the improvement in question was being made in Allen and Hardin Counties in the state of Ohio; that the improvement consisted of four Projects or Proposals, each being for a different section of the highway; that they were, however, to be let under one contract; that alternate bids were asked for on three different types of bituminous paving materials known as T-5, T-6 and T-13; that the plans specify a surface thickness of 1 inch and a binder of 1 inch for types T-5 and T-13, and a surface thickness and a binder thickness of 1⅛ inches for T-6; that while the amended petition states that the plans and specifications were changed in so far as type T-6 is concerned from 2 to 2⅛

inch bituminous covering, the evidence discloses that the change was made in this respect only in the proposals and not in the plans and specifications. The plans and specifications contained the thickness of T-6 at 2⅛ inches.

The irregularities and resultant confusion complained of in the amended petition relate to the type T-6. The contract, the enforcement of which it is sought to enjoin, was awarded solely on T-5. No part of the contract awarded relates to Type T-6.

Secs 1196, 1206, 1207-1, 1208, etc., GC, relate to and define the powers and duties of the Director of Highways in reference to the letting and awarding of contracts of this nature.

Sec 1207-1 GC provides that the Director may, if he deems it expedient, enter into any contract authorized by this act on a unit price basis, and defines what the bids shall contain.

Sec 1208, GC, authorizes the Director of Highways to reject any and all bids.

Acting under the authority of this section the Director of Highways did reject all bids under T-6.

Counsel have favored the court with helpful briefs in which many of the pertinent facts are set forth and various sections of the Code and authorities of this and other states are cited and discussed. We have considered these briefs with care and examined the authorities cited therein as well as additional authorities.

We shall not attempt, however, to discuss the evidence in detail nor to review or distinguish the authorities cited, as counsel are thoroughly familiar with the same, and a detailed recital of the evidence or discussion of the authorities would not be helpful.

We will merely announce the conclusion at which we have arrived after a consideration of the record and the briefs of counsel.

There are certain fundamental principles, however, that are well established and really need no citation of authorities.

It is well settled that courts should not grant perpetual injunctions unless the party seeking them has shown a clear right thereto. This case comes into this court on a proceeding in error and not by appeal. This court would therefore not be warranted in reversing the judgment of the lower court unless we were prepared to find that the lower court had abused its discretion in refusing to grant the injunction prayed for.

It will also be kept in mind this is not

a proceeding to enjoin the Highway Director from proceeding to execute a contract based upon a bid for T-6. Had a bid based upon T-6 proposal been accepted, then the irregularities complained of would be squarely presented for determination. But as above stated the bids based upon Type T-6 were all rejected and the contract in question is based solely upon proposals for the type T-5.

From a consideration of the entire record we are unable to find that the irregularity complained of should have misled or confused the bidders. There is no suggestion in the evidence tending to show bad faith nor a disposition upon the part of the Highway Department to mislead.

There is nothing in the evidence tending to show that injury has resulted to the public or any taxpayer by the acceptance of the bid upon T-5.

Upon the contrary a study of the proposals indicates that the public and the taxpayers were benefited by such acceptance

We find no violation of any mandatory provision of the statute by the Director of Highways in relation to the letting of this contract.

Alternate bids were taken under this work as provided by §2343, GC.

In some respects this case resembles that of **State ex v Baker, 112 Oh St, 356.** At page 362, the court, referring to certain changes in the specifications, says:

"It does not appear that any discrimination was exercised in favor of any bidder or against any other bidder. No complaint is made by any bidder. The successful bidder and the director of highways are both satisfied, and it does not appear that any party to the proceeding has been in any way prejudiced. A conclusive reason why no prejudice can result by any one in this controversy is that the advertisements call for unit bids."

In the case at bar in so far as the record discloses, none of the contending bidders are before us complaining but the complaint is made in so far as the record shows by a citizen and taxpayer of Franklin County, while the work is being prosecuted solely in Allen and Hardin Counties.

Counsel for the Wesco Company, in a supplemental brief filed since the hearing of the case, questions the right of Mr. Shafer to maintain this action as a taxpayer. The record contains the following:

"Q. Where do you reside, Mr. Shafer?

A. 1622 Richmond Avenue, Columbus, Ohio.

"Q. I will ask you to state whether you are a taxpayer of the state of Ohio of the County of Franklin and the state of Ohio?

A. Yes sir, I am."

Counsel for the Wesco Company insist that it does not appear that any portion of the cost of the improvement in question is to be paid by general taxation, but that the same is to be paid for in full out of funds arising from the gasoline tax. We do not find it necessary for the determination of this case to pass upon this question. It is possible that the court might take judicial notice of the fact that improvements of the kind in question are wholly paid out of the state gasoline tax fund and not by taxation, but in view of the state of the record and pleadings we do not think we would be warranted in so doing.

We have had not only this question but substantially all of the legal questions involved in the case at bar before us at one time or another for consideration. In the case of **L. B. Harnett v T. A. Edmondston,** (11 Abs 110) Director of Department of Industrial Relations, being case No. 2153 in this court, we were called upon to determine the right of a taxpayer to maintain a somewhat similar proceeding. The record in that case in so far as the taxpayer's relations are concerned, differed somewhat from the case at bar, but in the case referred to we held that the "rule is well settled, that a taxpayer, like any other party to a proceeding in equity, must show that some act is about to occur which will result in some material injury to him, and for which he had no other adequate remedy."

Upon consideration of all the questions raised by counsel for plaintiff in error, we find no error prejudicial to plaintiff in error in the judgment of the lower court, and the same will therefore be affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.