**STATE ex OHIO NATIONAL LIME AND STONE CO, Etc v MERRELL et**

Ohio Appeals, 2nd Dist, Franklin Co

No 2511. Decided March 22, 1935

Schroth & Schroth, Tiffin, for plaintiff in error.

John W. Bricker, Attorney General, Columbus, and J. A. Godown, Asst. Atty. Gen., Columbus, for defendant in error Merrell.

B. A. Myer, Celina, for Hinton and Smalley.

**OPINION**

By KUNKLE, PJ.

The agreed statement of facts is some-' what lengthy, and we shall not attempt to quote the same in detail except to say that the only complaint made in reference to the letting of this contract is that such estimates and costs were not on file for three days prior to starting the publication for bids.

This proceeding is brought by the relator as a taxpayer and property owner of Putnam County, the county wherein th⁀ work in question is about to be performed.

The additional statement of facts taken in this court shows that the letting of this 'contract was advertised as required by law.

The record also shows that the original ·estimate of the cost of the improvement in question before the amended sheet was added was $133,926.09; that the revised or changed estimate of the cost of the improvement which was inserted one day prior to starting the advertisement, was $136,-342.54; that the contract price was $118,-954.40; that such revised figures were in the plans, profiles and estimates before the Director advertised for bids for the improvement in question. It appears that the change in the cost consisted in requiring the contractor to use two certain machines for compacting and finishing the concrete in the said road; that such machines were not designated in the original specifications, and it is admitted that such alteration in the specifications would entail upon the contractor an additional cost and expense in the way of securing such machines by rental or otherwise in the sum of about $2400.00. All the advertisements contain the new estimates and figures.

The agreed statement of facts also shows that the entire cost and expense of this improvement is to be paid out of State funds appropriated to the Highway Department for highway purposes.

We have considered the briefs of counsel with care, and upon such consideration are of opinion that the plaintiff is not entitled to the relief sought in the amended petition.

We have had occasion to consider questions somewhat similar to those herewith submitted, such as are found in the case of **Harnett et v Edmonston, Director of Industrial Relations, reported in the 44 Oh Ap page 304**; the **State of Ohio ex Schafer v Merrell et, 44 Oh Ap, p. 347; (13 Abs 324),** and other cases, wherein the controlling questions were similar to those in the case at bar.

In those cases we announced the rule that a court should not grant a perpetual injunction unless the party seeking it has shown a clear right thereto; that a taxpayer to enjoin officials from carrying out highway contracts, must show that·some injury will result to him, and that he has no other adequate remedy. Our consideration of the agreed statement of facts satisfies us that the relator is not entitled to the relief requested. There is no suggestion of fraud or favoritism in the case.

The written opinion of Judge Leach which has been submitted to us discusses the facts and the pertinent authorities in more or less detail. Our consideration of the case leads us to the same conclusion as that which was reached by Judge Leach, and we deem it unnecessary to further review the pertinent authorities and facts.

The same judgment will be rendered in this court as was rendered in the court below.

BARNES and HORNBECK, JJ, concur.

## ON MOTION FOR NEW TRIAL

Decided March 28, 1935

By THE COURT

We have considered the motion for a new trial filed herein by plaintiff in error and upon such consideration are of opinion that the motion should be overruled.

KUNKLE, PJ, BARNES and HORNBECK, JJ, concur.