## CAMPBELL et v JASTER

Ohio Appeals, 2nd Dist, Franklin Cc

No 2807. Decided June 3, 1937

Agnes Dickinson, Columbus, for plaintiffs-appellants.

A. F. O'Neil, Asst. Attorney General, Columbus. and C. A. Vanik, Columbus, for defendant-appellee.

### OPINION

By THE COURT

The above entitled case comes into this court on plaintiffs' appeal on question of law and fact from the judgment of the Court of Common Pleas of Franklin County, Ohio.

Plaintiffs, through their amended petition, pray an injunctive order against the defendant, restraining him in his official capacity from re-locating or attempting to re-locate the Three C's Highway known as State Route No. 3 and U. S. Route No. 62, located in Franklin and Pickaway Counties, near the municipality of Harrisburg, Ohio.

In the lower court a temporary restraining order was issued upon the filing of a petition and without notice.

On hearing, the lower court dissolved the injunction and dismissed the petition

upon the ground that the complaint did not state a cause of action.

On or about May 27, 1937, two members of this court, sitting in chambers, granted a temporary restraining order and set the cause for hearing as on an application for temporary injunction on June 1st, 1937. at 10:30 A. M.

On the day and hour named the parties appeared, through their attorneys, no pleadings being filed other than the plaintiffs' amended petition; no evidence was introduced. It therefore follows that the application for temporary injunction is submitted wholly upon the amended petition. Very able oral arguments were made by attorneys representing the respective parties, and also there was presented written memoranda citing authorities. We have carefully examined the authorities cited and in addition have made an independent research.

We are constrained to the view that the amended petition does not state a cause of action. It is the contention of counsel for the plaintiff that her petition adequately sets forth an abuse of discretion on the part of the Director of Highways in the attempted re-locating, and improving of the road in question. We appreciate that the law is well determined that where a discretion is vested in officers, boards or commissions to do and perform certain things, such acts may be enjoined where it is shown that there is a threatened abuse of the discretion. Plaintiffs allege that adequate and requisite changes could be made so as to eliminate the dangerous curve and narrow bridge at an expenditure of not more than $25,000.00, whereas the proposed change under the plan of the Highway Director will cost approximately $30,000.00. No fraud or collusion is claimed under the petition. There is the allegation that the proposed improvement is unnecessary and wasteful. No other or further operative facts are set out in the pleading.

In the oral argument and in the memoranda presented it is admitted that the State Director of Highways has jurisdiction to construct, reconstruct, improve, repair, widen, eliminate curves and maintain certain highways, and that all requisite statutory steps were taken in furtherance of the proposed improvement. The four plaintiffs think that satisfactory results could be secured at a much less cost. It is sought to raise the question that the defendant, while having the power and jurisdiction to act, is exercising such power in an unnecessary and wasteful manner, and thereby is guilty of abuse of discretion.

These allegations in the petition are mere conclusions, and there is not set forth any detailed fact from which it may be said that the petition shows an abuse of discretion. We recognize that counsel for the plaintiffs has in mind that this will be shown through the evidence.

Now it is always not easy to distinguish between pleading facts, evidence or conclusions. But in the pleading under consideration there is an entire absence of allegation of facts.

There is another and further infirmity in the petition in the following particulars. As a basis for further comment on this question we cite the following well recognized principles of law:

"A taxpayer, to enjoin officials in carrying out highway contracts must show that injury will result to him and that he has no other adequate remedy." State ex v Merrell, 44 Oh Ap 347, 3rd Syl, (13 Abs 324).

Plaintiffs say that they are taxpayers in the State of Ohio, but this does not necessarily mean that any injury would result to them as a taxpayer. There is no allegation in the petition, nor can it be necessarily inferred that taxpayers as such will be specially assessed to make the improvement, nor that their general taxes will be increased. We take judicial knowledge of the fact that funds requisite for making improvements by the Director of Highways are generally procured from gasoline tax. The plaintiffs may or may not pay any gasoline tax, and even if they do, the amount of such payments, if possible to be allocated to the present improvement, will be so small as to be negligible.

Injunction is an extraordinary remedy, and the chancery power of the court will be invoked only where the right is clear, incontestable and well defined.

"As a rule an application for injunction is addressed to the sound discretion of the court, its allowance being a matter of grace, rather than of strict right, and determined by the nature of the case, the peculiar facts presented therein, and the law governing the same, and by consideration of

public policy and convenience." **Vol. 21, O. J., p. 1006, §17.**

For the reasons announced the temporary restraining order heretofore issued will be vacated and the application for temporary injunction denied.

Costs adjudged against the appellant.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.